OZARK & CHEROKEE CENTRAL RAILWAY COMPANY v. FERGUSON.

Opinion delivered November 8, 1909.

CONTRACTS—SUBSTITUTION.—Where a new contract covers the subject-matter of earlier agreements, and is inconsistent with them, they will be held to be abrogated by it.

Appeal from Washington Chancery Court; *T. Haden Humphreys,* Chancellor; reversed.

*W. P. Evans* and *B. R. Davidson,* for appellant.

A suit cannot be maintained upon a title obtained during the pendency thereof.  17 Ark. 443 ; 21 Ark. 186.  A meritorious suit cannot be maintained after three years, even by one who owned the lands at the time they were appropriated. Kirby's Dig. § § 2093 and 5064.  An indorsement upon a note is not a covenant running with the land.  71 Ark. 289; 77 Ark. 168.  The contract of indorsement on the note having been incorporated in and taken up by a subsequent contract, plaintiff cannot recover thereon.  141 U. S. 510; 24 Ark. 210; 21 Ark. 69; 23 Ark. 557; 2 Ark. 360; 96 U. S. 544.  The former contract was merged into the second.  24 Ark. 197; 28 Ark. 387; 48 Ark. 413; 80 Ark. 505.

Purchasing the stock and even electing a board of directors is not taking control.  11 Fed. 634; 115 U. S. 587; 120 U. S. 649.  To control one must take possession.  44 N. W. 558; 15 N. E. 138.  He admitted knowledge of the transfer, which is as binding, at least in equity, as notice served.  16 Ark. 340; *Id.* 543; 33 Ark. 465; 55 Ark. 318; 68 Ark. 126.

*Walker & Walker,* for appellee. .

Where part only of a contract is reduced to writing, parol proof of the entire contract is competent.  55 Ark. 112; 58 N. Y. 380; Greenl. Ev. § 284a.  Appellants were not entitled to specific performance.  55 S. W. 222.  Such an agreement will not be enforced if inequitable under the circumstances.  119 Mo. 28; 92 Mo. 97; Story's Eq. Jur. § § 769-770. ·

HART, J.  The plaintiff, James A. Ferguson, instituted this action for damages, as provided by the statute, against the Ozark & Cherokee Central Railway Company and St. Louis & San Francisco Railroad Company, alleging that said railroad companies had wrongfully appropriated for their use for railroad purposes certain of his lands in Washington County, Arkansas.

The railroad companies filed separate answers, in which they admitted that the Ozark & Cherokee Central Railway Company had entered upon the lands described in plaintiff's com-

plaint and constructed its line of railroad over the same. The defendants asked that the cause be transferred to the chancery court, and for grounds therefor allege facts which, briefly stated, are as follows: They say that in the month of August, 1899, W. A. Bright and others, who constituted the Arkansas Construction Company, were promoting and endeavoring to build a railroad from Fayetteville, Arkansas, to a connection with the Kansas City, Pittsburg & Gulf Railroad Company, and were soliciting from the property-owners rights of way and donations of money, and that the plaintiff, James A. Ferguson, being a large landowner and presumably to receive great benefits from the construction of such road, on the 29th of August, 1899, gave what is called by the parties hereto a subsidy note to said Arkansas Construction Company, its successors and assigns, for the sum of five hundred dollars. The consideration of the note was the benefit which would accrue to Ferguson in the construction and operation of a railroad, commencing at Fayetteville, Arkansas, and extending to and connected with the Kansas City, Pittsburg & Gulf Railway, within the period of 18 months from October 1, 1899, and the erection and maintenance of a depot within the corporate limits of the city of Fayetteville by said Arkansas Construction Company, its successors or assigns. The note was made payable as the work of construction progressed, and the whole was to be paid when the road was completed and in operation within the specified time.

On the 26th day of September, 1899, the time within which to construct the road was extended in writing until October 1, 1902, upon condition that the railroad to be constructed should not pass into the control of the St. Louis & San Francisco Railroad Company within three years and six months from October 1, 1899. That on the 8th day of November, 1899, said James A. Ferguson, in consideration of the benefits to be derived from the construction of said railroad in the county of Washington and State of Arkansas, conveyed to said railroad company a right of way over his lands, 100 feet wide, and depot grounds to be selected and located by the engineers of the railroad company. The conveyance was made upon condition that the railroad be built and in operation within said county of Washington within one year.

On the 13th day of January, 1902, said James A. Ferguson gave an option deed to the Ozark & Cherokee Central Railway Company, assignee to the Arkansas Construction Company, in which he obligated himself at any time within 60 days to convey to said railway company a strip of ground 100 feet in width for a right of way over his lands, upon which the railroad was already located; also depot grounds 100 feet wide and 600 feet long, terminal facilities and right of way over Ferguson's Addition to the town of Fayetteville; and also in section 5 of said contract such lands of specified dimensions as the railroad company might select over certain other of his lands for yard room and grounds.   The purchase price to be paid therefor by the railroad company was the sum of five hundred dollars, represented by the subsidy note of the said James A. Ferguson then held by said railroad company, and the further sum of two hundred dollars per acre for land taken by said railroad company for yard room.   That on the 10th day of March, 1902, the said Ozark & Cherokee Central Railway Company served notice on the said James A. Ferguson that it would take said lands in accordance with the terms of the said contract, and made a demand for a deed to said lands under the terms and conditions of said option contract.   That they have been ready and willing to pay the amount due upon presentation of a deed for said land.   That the acreage taken under said contract amounts to four acres.   That defendants are due plaintiff for it the sum of $800, and tender it in court.

The plaintiff answered, alleging that it was part of the consideration of said option contract that a depot should be constructed and maintained on said lands.   That this was omitted from the terms of said contract through fraud or mistake, and that said railroad company has failed and refused to maintain said depot.   The cause was transferred to the chancery court.

The road was constructed and in operation westward between July and October 1, 1900.   A connection was made with the Kansas City, Pittsburg & Gulf Railroad in the spring of 1901.   By February, 1903, the St. Louis & San Francisco Railroad Company had acquired all of the stock of the said Ozark & Cherokee Central Railway Company, and in June purchased

all of its bonds; on July 1, 1903, assumed control of said railroad, and has since operated it as the owner thereof.

The chancellor found that the agreement of January 13, 1902, was binding upon the plaintiff, and that under it the defendant had tendered $800 in accordance with section 5 of the agreement, but that the plaintiff had refused to comply with the agreement by conveying the lands mentioned in section 5 of said agreement; and refused to assess any damages for right of way claimed by the plaintiff.

The chancellor further found that the subsidy note of $500 was a valid obligation at the time of the execution of the contract of January 13, 1902, and that subsequent to that time and before the expiration of three years and six months from the 1st day of October, 1899, the St. Louis & San Francisco Railroad Company had obtained control of the Ozark & Cherokee Central Railway Company by acquiring all of its stock, which was contrary to the contract of August 29, 1899, and the extension thereof made September 26, 1899, and that said note thereby became void. The court entered a decree vesting the title to the lands in controversy in the St. Louis & San Francisco Railroad Company upon payment to the plaintiff of the $800 already tendered and the $500 adjudged to be due. The defendants prayed an appeal to this court, and the plaintiff has taken a cross appeal.

It is contended by counsel for the plaintiff that, when the contract of January 13, 1902, was executed, it was a part of the consideration for its execution that the railroad company should erect and maintain a depot on his land, and that this was omitted from the contract by mistake. When the contract was made, there were present James A. Ferguson, his son, Wallace Ferguson, H. W. Seaman, general manager of the railway company, J. C. Duffin, his stenographer, and J. H. McIlroy. Both the Fergusons say that a part of the consideration for the contract was the erection and maintenance of a depot on the land. They are contradicted by Seaman, Duffin and McIlroy. The chancellor found in favor of the defendants on this point, and his finding will not be disturbed.

The chancellor erred in finding in favor of the plaintiff on what is called the $500 subsidy note. On August 29, 1899, the

plaintiff, being a large landowner in Fayetteville, Arkansas, agreed to donate to the Arkansas Construction Company the sum of five hundred dollars to secure the construction and operation of a railroad from Fayetteville to a connection with the Kansas City, Pittsburg & Gulf Railroad. The contract was reduced to writing, and by its terms the money was to be paid as the work progressed, and the last installment was to become due when the road was complete and in operation.    The road was to be completed within a specified time, and the donation was upon condition that the road should not be transferred to the St. Louis & San Francisco Railroad Company within two years from October 1, 1899. On September 26, 1899, the time for the construction of the road was extended upon consideration that the railroad to be constructed should not pass into the hands of the St. Louis & San Francisco Railroad Company within three years and six months from October 1, 1899. On the 8th day of November, 1899, Ferguson executed a donation deed conveying the right of way over his lands in Washington County to W. A. Bright, trustee, to secure the construction of said railroad. When the agreement in writing of January 13, 1902, was executed, the railroad was completed and in operation from Fayetteville to a connection with the Kansas City, Pittsburg & Gulf Railroad. The new agreement took up the subject-matter of all the prior agreements. The purpose of the new contract was to give the railroad company a 60-day option to purchase certain lands from the plaintiff for its right of way, depot and yard grounds. What is called the $500 subsidy note was recited as part of the purchase price, and no mention is made of the condition attached to the original contract for the subsidy note  The subsidy note was due, but the original contract provided that the amount of it should be refunded if the railroad should pass into the control of the St. Louis & San Francisco Railroad Company within three years and six months from October 1, 1899. That time had not expired when the option contract of January 13, 1902, was executed. The time limit of the option contract was 60 days from its date. The new contract does not expressly abrogate the prior agreements, but the scope of the latter takes up all matters of the earlier contracts, and covers the same subject-matter. It is inconsistent

with the terms of the earlier agreements, and we are of the opinion that the condition imposed in regard to the railroad passing into the hands of the St. Louis & San Francisco Railroad Company was discharged by the execution of the new agreement of January 13, 1902.

"The discharge may take the form either of a total obliteration of all contractual relations between the parties in regard to the subject-matter of the contract, or it may be effected by the substitution of a new agreement in place of the old one. In such case the new agreement takes the place of the old, and consists of the new terms and as much of the old agreement as the parties have agreed shall remain unchanged; in other words, a contract may be rescinded in part and stand as to the residue. 9 Cyc. 595. To the same effect see 3 Page on Contracts, § § 1339, 1340.

The railroad company, in compliance with the terms of the option contract of January 13, 1902, tendered to the plaintiff the purchase price and demanded a deed for the right of way, depot and yard grounds. It was entitled to this.

For the error in finding for the plaintiff for the amount of the $500 subsidy note, the decree is reversed, and the cause remanded, with directions to enter a decree in accordance with this opinion.